Thank you, Your Honor. My name is Virginia Fowler, and I, with my co-counsel, Christine Jackson, who's at the council table with me, represent Lanyard Berry. I would like to reserve two minutes, please. The trial court in this case found that two permanently stayed assault counts from a 1975 California case and a 1985 California robbery conviction counted as strikes under Washington State's Persistent Offender Accountability Act. In doing so, the trial court violated the clear rule, as explained in Apprendi, Blakely, and Shepard, when it went beyond the fact of a conviction by taking testimony and considering evidence to determine the conduct of Mr. Berry. Further, it violated the full faith and credit clause of the United States Constitution when it went beyond the conclusive significance of the California judgment, which was for involuntary manslaughter, and apparently applied Washington merger law to the California judgment. Some of the facts, which should have been decided beyond a reasonable doubt in the sentencing hearing and were not, were, one, whether the assault counts were, in fact, convictions. That was the first very important question. But, counsel, how can the legal effect of something be a question of fact? In other words, if there's a conviction or not a conviction, that the existence of it could be a question of fact. But once it's found, how could its legal effect possibly be a question of fact for a jury? Well, there's two different reasons for that, Your Honor. First of all, it had to do with the documents that the State was able to obtain to show that there had been a conviction. And primarily, that relied on the California abstract of judgment, which there is no judgment in sentence as there is in Washington State. And so there was a lot of information not on that abstract of judgment. And this circuit and other circuits have found that the California abstract of judgment is not reliable and cannot be relied on to determine priors. There's also, because what was really at issue here was not the actual conviction for the involuntary manslaughter, but the two State counts under California Penal Code 654. And so that was a question of whether there even was a conviction. I think that ---- I understand that, but isn't that a question of law, the effect of a State conviction, what that means as a matter of law? Why is that a factual question? Because it required the Court going beyond the documents to get into the facts of what was charged and what was found in order to make that decision. And I think that at the most it's a mixed question of law and fact. The kind of comparability issues that we have looked to in the past as primary judge-driven issues, I think that that, with Apprendi and Blakely, that that is being changed. I think one of the courts ---- one of the cases that we referred to as new supplemental authority was United States v. Snow, which is a Seventh Circuit case. And that case looks at comparability and looks at that as facts going beyond what is allowed under the State of the law, beyond a mere fact of a conviction. So that was ---- the other question was whether Mr. Berry had in fact been convicted up to prior most serious offenses. And I should let the Court know that initially in Washington, in King County at least, the prosecutor agreed that these were issues for the jury. And then it was with Rivers, Manoussier, and Thorne that the Washington Supreme Court said no, that the POAA is just a part of the Sentence Reform Act, of the SRA, and so there isn't that requirement. But up until a few months before the Berry trial, in King County, there actually were bifurcated trials with the issue of the priors and whether they were in fact most serious felonies that was an issue for the jury. There was quite a lot of dispute over what all would go to the jury, but that particular question did go to the jury. Now, the effect of Section 654 in California is basically to absorb the lesser crimes into the greater crime. And the purpose for it is to make sure that on the one hand that people can be prosecuted for more than one crime but only punished for one crime if they arise out of an indivisible course of conduct. It is different from Washington merger law because it does not – in Washington merger law, every element has to be exactly the same and every element in the lesser crime, including the victim, has to be included in the greater crime. In California law, under 654, it appears that the question of number of victims is important but not controlling, that there are cases with multiple convictions where it is found to apply. And this was one of those cases where, in fact, it was the prosecutor who suggested at sentencing, according to the transcript, that 654 should apply to the two assault charges. That is what happened. Then later there was an attempt to have Mr. Berry have his prison sentence include one of the assault charges. He filed a writ of habeas corpus in the state level. That was granted. And there was a decision from the court saying that the two counts were permanently stayed, that he was only in prison on what had become the involuntary manslaughter. So that was a determination of the California courts and the conclusive significance of the prior judicial record, that there was only a conviction for manslaughter. The court in our trial had to go behind that judicial determination to parse out the two state assault counts, look at their facts and compare them to the involuntary manslaughter count. And in doing so, they violated Apprendi. At the time, the defense objected that the court's analysis should not go beyond the judgment and sentence, which, as I noted in this case, there was not one. There was simply an abstract of judgment. Recently, the court in Sheppard and in this circuit in Smith and in other circuits has adopted a modified categorical approach to look beyond the mere fact of a conviction in a narrow range of cases under the ACCA. Now, the POAA in Washington is different from the ACCA on the Federal level because, as I said before, the POAA is considered a part of the SRA rather than a separate recidivist statute, whereas the ACCA is separate. But even by the modified categorical approach, Judge Aiken went too far. First, she did not, as noted, she did not have an actual judgment in either case. She did not consider the jury instructions in either case. What she did look at was an evidentiary packet from each case which included for the 1975 case a probation officer's report, recommendation, various DOC records and other documents. Similar documents in the 1985 case, although I believe there was even another agency's documents included. The court, according to its findings of fact, relied upon those packets. It did not say upon particular documents or such, and it certainly had access to all of the documents. Now, our position is that the trial court and the Washington appellate courts were required to respect the judgment of involuntary manslaughter, which included the absorption of the two assault counts. Instead, the Washington courts first took the extrinsic evidence provided to it and used that to find that the assault counts were convictions separate from the involuntary manslaughter. So in doing so, it violated both Apprendi and the full faith and credit clause, because the Washington, as I said, the California courts had already looked at this question and decided in a way opposite from what the Washington courts. Then the Washington court applied Washington rather than California law to determine whether the counts merged with the manslaughter charge, which everyone agreed was not a strike. In that, they violated both full faith and credit. Now, the merger law is different, but also what is different is that the California law is the three strikes law. In California, the judge has discretion. In Washington, the judge has no discretion. In California, parole is available. In Washington, parole is not available. There's a much broader choice of what are strikes in California than in Washington. And so we are comparing apples and oranges in many ways. Could these be considered strikes in California? Benson says that they may be considered strikes, but it's not required that they be considered strikes. At this point, I'm told I have to stop. Judge Sanders' dissent in the Washington Supreme Court case on full faith and credit is correct. And we'd ask this Court to apply that, to apply Apprendi, and to remand Mr. Berry's case for resentencing within the standard range. Thank you. Thank you. May it please the Court. I am John Sampson, Assistant Attorney General, representing the Respondent Appellee. The district court in this case correctly denied habeas relief because the state court adjudication of the two claims was not contrary to or an unreasonable application of clearly established federal law as it existed at the time of the state court adjudication. As to the Apprendi issue, Apprendi was the only clearly established federal law at the time. The state court decided this issue on July 6, 2000. And so the Blakely case did not exist. The Shepard case did not exist. To the extent Petitioner relies on those cases, they are not clearly established law. The only clearly established law was Apprendi. And Apprendi said, other than a fact of a prior conviction, facts that are used to increase the sentence beyond a statutory maximum must go before a jury and be proven beyond a reasonable doubt. The court had not, and still has not, clarified what is a fact of a prior conviction. Although Petitioner asked this court to expand on that ruling, the U.S. Supreme Court has not really clarified in a constitutional holding what is a fact of a prior conviction. The Shepard case was not a constitutional case. It was an interpretation of the statute of the Armed Criminals Act. And the court, both Justice Thomas' concurrence and the holding of the court clearly indicated that the constitutional issue was not actually before the court. So it has not clearly established federal law on this constitutional issue. There seems to be confusion over what was being compared by the state trial court in determining the sentence. In the state trial court and before the state supreme court, there was not a dispute that the elements of the 1975 assaults were comparable to strikes in Washington. The only issue of dispute was whether the stay made it not a conviction or whether the stay still allowed the convictions to be counted as strikes. And that is a legal determination. That is not a factual determination. It would be, for instance, if a defendant appeals a conviction and then argues, well, my conviction was reversed on appeal, and the state courts look at the appellate decision of another state and say, no, the appellate court affirmed your conviction, that would not be a factual inquiry. That would be a legal inquiry. You would be looking at the legal opinion of a court. The elements, there were two 1975 assault convictions. Only one of them needed to be a strike. They were both strikes, but only one of them needed to be a strike to qualify as a third strike. One of them was a California conviction for assault with a deadly weapon. That matches exactly assault in the second degree in Washington. California says any person who commits assault upon another person with a deadly weapon, that's Section 245 of the California Penal Code. Washington's assault second, under circumstances not amounting to first degree assault, assaults another with a deadly weapon. It's an exact match on the elements. It is a strike. There was no question of fact that needed to be presented to the jury. On the full faith and credit issue, the United States Supreme Court has not issued a case holding that full faith and credit clause prevents a state court from doing what it did in this case. The state court's interpretation and application of Federal law was objectively reasonable, and for that reason, the Petitioner is not entitled to habeas relief. We would ask that the Court affirm the district court. Thank you. Thank you. We'll give you a minute to rebuttal. Your Honors, I think that the first issue is what we were talking about is Apprendi and the other cases are interpretations of Apprendi or speak to Apprendi. The Court had to find facts, including what the victims were, who the victims were, and what their relationship was to each other. And that's just one example of the elements that were at issue in deciding whether these counts did count as convictions or not. On the issue of the clearly established law, we have cited to the law. We believe it is clearly established. We do agree that this is a difficult case, and that is why we did ask to have the decision stayed until after Irons v. Cary, which is looking particularly at that issue of what the establishment of law has to be. We believe that even without Irons v. Cary and without knowing how it's going to be decided ultimately, that we still have met those criteria, and we would ask the Court, as I said, to sentence this back to be sentenced within the standard range. Thank you. Thank you. The matter will stand submitted. We come to Bailey v. Miller, Stewart, Stout, excuse me.
judges: Pregerson, Graber, Gould